IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RLI INSURANCE CO.,            : | Case No.:3:05cv2575 |
|       Plaintiff      : | Judge Jones |
|                   : | |
|       v                 : | |
| L&W MANAGEMENT CO.,     : | |
| INC., et al,                        : | |
|       Defendants   : | |

## ORDER #2

## APRIL 26, 2006

### JUDGE JONES' STANDARD PRACTICE ORDER

The practice and procedure in the above civil case shall be in accordance with the Federal Rules of Civil Procedure, the Rules of Court of the Middle District of Pennsylvania except as modified by this order and other orders of this court.

### TABLE OF CONTENTS

1. Motions and Briefs

2. Discovery

3. Counsel Fees and Expenses

4. Communications with Court

5. Pro Se Parties

6. Captions

7. Proposed Findings of Fact and Conclusions of Law

8. Conflict with Rules of Court or Prior Order

9.	Technology Requirements

1.	<u>Motions.</u>

    1.1	<u>Concurrence by Opposing Counsel.</u> If counsel for each other party cannot be reached by counsel for the movant at the time a motion is filed, the movant's counsel shall so certify and thereafter shall have a continuing duty to file a certification as to concurrence or non-concurrence within a reasonable time after counsel can be reached with due diligence. Concurrence in motions to extend time shall not obviate the need for the movant to set forth in the motion the reasons why the motion for extension should be granted.

    1.2	<u>Multiple Motions.</u>   Except where alternative motions are filed, no more than one motion shall be under one cover.

    1.3	<u>One Motion, One Brief</u>.   Except where alternative motions are filed, a brief shall treat of only one motion. No brief shall be filed both in support of a motion and in opposition to another motion.

    1.4	<u>Simultaneous Submissions of Supporting Briefs with Motions.</u>   A supporting brief and two copies thereof shall be filed with the motion in the following instances:

        1.41   If the motion is to shorten time; or

        1.42   If the motion seeks a protective order.

    1.5	<u>Reply Briefs.</u>        If the movant's counsel decides not to file a reply brief, such counsel shall promptly notify the Clerk of Court thereof by telephone so as

to accelerate the ripeness of the motion.

    1.6    <u>Lengthy Briefs.</u>   Local Rule 7.8 provides in part that briefs shall each be limited to 15 pages unless specially authorized by the undersigned judge. This requirement will be strictly construed.  No brief exceeding 15 pages shall be filed without prior authorization. Any motion for authorization of such a brief shall be filed in Williamsport at least 2 working days before the brief is due.

    1.7    <u>Motions for Continuance.</u>   A motion for a continuance of discovery, dispositive motions cut-off date, pre-trial conference, or trial list shall include references to the date the complaint was filed and also to the trial list on which the case has been placed.

    1.8    <u>Citations to Unreported Cases.</u>   Cases cited in a party's brief which are not reported or available on Lexis or Westlaw shall be photocopied and submitted with the brief.

    1.9    <u>Letters.</u>  This court will not issue an order on the basis of a letter from counsel, primarily because letters do not trigger a briefing schedule and do not show concurrence or nonconcurrence of other counsel. If counsel wishes the Court to take any action, an appropriate motion as required by the Federal Rules of Civil Procedure shall be filed. Counsel shall ordinarily not supply the Court with copies of letters sent to other counsel.

2.    <u>Discovery</u>**.**

    2.1    <u>Completion of Discovery.</u> Completion of discovery by the date set

by the Court requires that requests for admission, production, inspection, and the like, as well as interrogatories, be instituted sufficiently in advance of the completion date so that the respondent may use the full time allowed by law in responding before said completion date. Motions to compel discovery shall be filed within the discovery period.

     2.2    <u>Discovery Disputes.</u> Judge Jones requires a telephonic conference before the filing of formal discovery motions.

     2.3    <u>Notice of Taking of Depositions.</u> A party desired to take the deposition of any person upon oral examinations shall give at least 10 days notice in writing to every other party to the action. Any notice which does not comply with this requirement will be presumed unreasonable and a protective order will issue upon the written motion of any party which avers that less than 10 days notice in writing of the taking of an oral deposition has been given. Such a motion for a protective order need not be accompanied by a brief. A motion for protective order with respect to a proposed deposition on grounds other than inadequate notice together with a brief in support thereof shall both be filed at least 7 days prior to the deposition or immediately the grounds thereof become known, whichever shall last occur, except for good cause shown. Any party opposing such motion for a protective order shall file a responsive brief, together with any supporting documents, within three days after service of the movant's brief or shall be deemed not to oppose such motion. The Court may act on the motion before receiving a responsive brief.

2.4     Briefs Relating to Interrogatories.   All briefs in support of or in response to motions to compel answers to interrogatories shall discuss each interrogatory separately. The text of the interrogatory and the answer to it, if any, shall immediately precede the discussion concerning the interrogatory. Although each interrogatory shall be separately discussed, prior arguments made in the brief may be incorporated by reference into the discussion of subsequent interrogatories.

2.5     Briefs Relating to requests for Admissions, etc.  Briefing with references to requests for admissions shall follow the pattern set forth in the preceding sub paragraph. Briefing with respect to other discovery matters shall, insofar as practicable, follow the same pattern.

3.     Counsel Fees and Expenses.   Motions for counsel fees and expenses shall be based upon time records concurrently kept.

4.     Communications with Court. No counsel shall meet with the Court or with a law clerk on a matter relating to a case before the Court unless opposing counsel is present. No counsel shall communicate with the court or with a law clerk by telephone on a matter relating to such a case except by conference call with other counsel on the line.

4.1     The judges' deputy clerk may be contacted by counsel in order to schedule a telephonic conference with the judge pursuant to section 2.2.

5.     Pro Se Parties.   Any party who is not represented by counsel shall have all the duties which would normally be placed upon his or her counsel by the Local Rules,

this order, and other orders of this court.

6.      Captions.   All captions shall contain the date of filing of the complaint or other initial document and in accordance with Local Rule 5.3 the name of the presiding judge.

7.      Proposed Findings of fact and Conclusions of Law. In any matters in which facts are to be found by the Court, counsel shall file annotated proposed findings of fact and conclusions of law within 1 hour after the close of the hearing with respect to the same unless the Court for good cause shown extends the filing time. Proposed findings of fact shall be divided into paragraphs with only one fact allocated to each paragraph. Each paragraph shall be identified at the end thereof as "Disputed, " Undisputed" or "Undisputed but Objected to "as the case may be. Abbreviation (D), (U) or (U.O. ) are sufficient. The designation U.O should be utilized in a case in which counsel does not dispute the factual content of a proposed finding but objects to the proposed finding on another ground, such as relevance. Each counsel shall initial or sign the findings proposed by opposing counsel at the end thereof to verify that the designations "Disputed, " Undisputed" and " Undisputed but Objected to" are correct. Counsel in any non-jury trial or hearing before the Court shall submit proposed findings of fact on a computer diskette compatible with WordPerfect 8, if such a diskette has been used in counsel's office in preparing the findings. All counsel shall be at liberty to supplement such findings and conclusions by typewritten or legibly handwritten documents if the request to file such supplements be made orally

to the Court prior to the conclusion of the hearing so that a time within which to file such supplemental findings can be set.

8. <u>Conflicts with Rules of Court or Prior Order.</u>   Should any provision of this Order conflict with any rule of the United States District Court for the Middle District of Pennsylvania, or any standing order of this Court or District, such conflicting provision of this Order shall control and the rule of Court or standing order shall be suspended to the extent that it conflicts with this Order. If any provisions of the order conflicts with a prior order in a particular case, such prior order shall be revoked to the extent of such conflict. The authority for this provision is contained in Local Rule 16.5.

9. <u>Technology Requirements.</u> If counsel requires the use of items such as ELMO, video conferencing, laptop connection and/or PowerPoint presentations etc., at the time of trial, notice shall be given to the judge's Courtroom Deputy by the date of the Pre-trial conference.

<div style="margin-left:50%">
<u>s/ John E Jones III</u>  
John E. Jones III  
United States District Judge
</div>